# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE USE OF A PEN REGISTER DEVICE AND TRAP AND TRACE DEVICE FOR TELEPHONE NUMBER (417) 685-9697 (TARGET TELEPHONE). | No. 20-PR-2007DPR <br> (UNDER SEAL) |

## APPLICATION

Josephine L. Stockard, Assistant United States Attorney, Western District of Missouri, (hereinafter "Applicant") hereby applies to the Court pursuant to 18 U.S.C. §§ 3122, 3123, and 2703(d) for order authorizing the installation and use of a pen register, a trap and trace device, and enhanced caller identification (hereinafter "Pen/Trap") on a telephone assigned number (417) 685-9697 (hereinafter the "Target Telephone"), including the authorization for the disclosure of subscriber information for the numbers captured by the Pen/Trap. In support of this application, I state the following:

1. Applicant is an "attorney for the Government," as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore, pursuant to 18 U.S.C. §§ 3122 and 2703(d), may apply for an order authorizing the installation and use of a Pen/Trap.

2. By this application, the Government seeks order authorizing (A) the installation and use of a Pen/Trap on the Target Telephone, and (B) the acquisition of subscriber information related to the use of the Target Telephone.

### (A) PEN REGISTER / TRAP AND TRACE

3. Pursuant to 18 U.S.C. § 3123(a)(1), upon an application made under 18 U.S.C. §3122(a)(1) a court "shall enter an ex parte order authorizing the installation and use of

a pen register or trap and trace device anywhere within the United States, if the court finds that the attorney for the Government has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing investigation."

4. Installation and use of a pen register will record or decode dialing, routing, addressing, or signaling information transmitted from the Target Telephone. The information transmitted from the Target Telephone will include information dialing, routing, addressing, or signaling information for "push-to-talk" communications, if the cellular device is push-to-talk capable, and will include dialing, routing, addressing, or signaling information for text messaging communications, if the cellular device is text messaging capable. The information will also include records regarding the date, time, and duration of calls created by such incoming impulses, for a period of 60 days.

5. Installation and use of a trap and trace device on the Target Telephone will capture and record the incoming electronic or other impulses that identify the originating numbers or other dialing, routing, addressing, or signaling information reasonably likely to identify the sources of wire or electronic communications. The information transmitted from the Target Telephone will include dialing, routing, addressing, or signaling information for "push-to-talk" communications, if the cellular device is push-to-talk capable, and will include dialing, routing, addressing, or signaling information for text messaging communications, if the cellular device is text messaging capable. The information will also include records regarding the date, time, and duration of calls created by such incoming impulses, for a period of 60 days.

6. A caller identification service is a trap and trace device under 18 U.S.C. § 3127(4). *See United States v. Fregoso*, 60 F.3d 1314, 1320 (8th Cir. 1995). Thus, Applicant requests that

the order also direct that T-Mobile examine the above-listed telephone number and add enhanced caller identification service to the existing service if it is not presently equipped with the feature.

### (B) SUBSCRIBER INFORMATION

7. Pursuant to 18 U.S.C. § 2703(d), a court may order an electronic communication service to disclose non-content information about a customer or subscriber if the Government "offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . records or other information sought are . . . relevant and material to an ongoing criminal investigation."

8. Applicant certifies that the U.S. Drug Enforcement Administration ("DEA") is conducting a criminal investigation of Marktwain JOHNSON (hereinafter "M. JOHNSON") and others as yet unknown, in connection with possible violations of 2l U.S.C. §§ 841(a)(1) and 846, that is, distribution of controlled substances, possession with the intent to distribute controlled substances, and conspiracy to distribute controlled substances. It is believed M. JOHNSON is using the Target Telephone, a cellular telephone subscribed to "Mark Johnson" and serviced by T-Mobile, in furtherance of the subject offenses.

### (C) SPECIFIC ARTICULABLE FACTS

9. In support of its request for order under 18 U.S.C. § 2703(d) directing the furnishing of subscriber information, and based upon discussions with DEA Task Force Officer ("TFO") Nicholas Mittag, Applicant sets forth the following specific and articulable facts showing there are reasonable grounds to believe the information sought is relevant and material to an ongoing criminal investigation.

A. On October 20, 2020, TFO Mittag met with a confidential source (hereinafter referred to as "CS") in order to conduct a controlled purchase of heroin from Jalyn WILLIAMS (hereinafter referred to as "WILLIAMS"). During the course of this investigation, the DEA has determined WILLIAMS to be the girlfriend of M. JOHNSON. The DEA has also determined WILLIAMS is distributing heroin for M. JOHNSON and the Drug Trafficking Organization ("DTO"). The CS has been proven reliable by conducting controlled purchases of heroin from this DTO as well as providing information that TFO Mittag has found to be true based on surveillance and follow-up investigation. During the course of this investigation, the DEA has also determined that M. JOHNSON and WILLIAMS often change their telephone numbers.

B. The CS stated WILLIAMS had recently changed her phone number to (479) 966-8926. The CS arranged a controlled purchase of heroin from WILLIAMS, who was utilizing telephone number (479) 966-8926.

C. The CS was searched by agents before and after the controlled purchase to make sure the CS was not in possession of any contraband or money. Agents also completed a search of the CS's vehicle before and after the controlled purchase. Agents provided the CS with a specified amount of United States currency to purchase heroin from WILLIAMS. The CS was given a covert monitoring and recording device and followed to the meeting location.

D. Agents observed WILLIAMS arrive at the meeting location and meet with the CS. The CS conducted the transaction with WILLIAMS, which was monitored and recorded.

E. During the time the CS was in the vehicle with WILLIAMS, WILLIAMS received a phone call. The CS later stated that phone call was from M. JOHNSON. TFO Mittag later listened to the recording and heard the following conversation between WILLIAMS and who the CS identified as M. JOHNSON.

| | |
|---|---|
| WILLIAMS: | Hello. |
| M. JOHNSON: | [Unintelligible] |
| WILLIAMS: | Babe, I'm on my way. |
| M. JOHNSON: | You got the pc? |
| WILLIAMS: | No, I don't have it yet, but I'm gonna stop. |
| Talking over each other | |
| WILLIAMS: | I have two left, I don't have any left after this, babe. |
| M. JOHNSON: | How? |
| WILLIAMS: | Because, we had, we owe them a half and someone bought a half. |
| M. JOHNSON: | Ok. You had six bags. |
| WILLIAMS: | Ok. Ya, so I had six bags. I have four bags left. I'm about to sell them. (Expletive) you're trying to incriminate me over this phone. |
| M. JOHNSON: | So, me, too. |
| WILLIAMS: | I'm getting off here. I'm at two grams, babe. |

F. After the transaction, TFO Mittag met with the CS and he/she relinquished custody of four plastic bags to TFO Mittag, which contained a gray rock substance. Each plastic bag contained approximately a half gram of gray rock substance, or a total of approximately two grams of gray rock substance. TFO Mittag later field tested the gray rock substance, which showed the positive indicator for heroin.

G. On October 26, 2020, TFO Mittag sent an administrative subpoena to T-Mobile for subscriber information and toll information for telephone number (479) 966-8926, the phone utilized by WILLIAMS. On October 27, 2020, TFO Mittag received that information back from T-Mobile. The toll information showed WILLIAMS received a telephone call on (479) 966-8926 at 2:24 p.m. on October 20, 2020, from the Target

5

Telephone, which was the exact time the CS was in the vehicle with WILLIAMS. Based on the toll information, as well as the CS identifying M. JOHNSON's voice as being the caller during the drug transaction with WILLIAMS, TFO Mittag believes M. JOHNSON is utilizing the Target Telephone to further the drug distribution of the DTO.

H. TFO Mittag sent an administrative subpoena to T-Mobile requesting subscriber and toll information for the Target Telephone. On October 8, 2020, TFO Mittag received subscriber and toll information for the Target Telephone confirming it is an active T-Mobile cellular telephone subscribed to "Mark Johnson".

I. On December 2, 2020, TFO Mittag again received subscriber and toll information for the Target Telephone confirming it was still an active cellular telephone.

11. In accordance with 18 U.S.C. § 3121(c), Applicant has informed the DEA it shall use technology reasonably available to it to restrict the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information utilized in the processing and transmitting of wire or electronic communications so as not to include the contents of any wire or electronic communication.

12. Because the assistance of T-Mobile will be necessary to accomplish the objectives of the requested order, Applicant further requests the order direct T-Mobile to furnish information, facilities, and technical assistance necessary to accomplish the installation of the Pen/Trap, including installation and operation of the devices unobtrusively and with a minimum of disruption of normal service. T-Mobile shall be compensated by DEA for reasonable expenses incurred in providing such facilities and assistance in furtherance of the order.

13. Applicant further requests the Court direct the local, long distance, and wireless carriers listed in the order, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate the execution of the order, to notify special agents of the DEA upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the Target Telephone, to include telephone numbers and subscriber information (published and non-published) associated with these service changes.

14. Applicant further requests the order direct T-Mobile to take all necessary steps to provide access to enhanced caller identification to the DEA and to take all steps necessary to ensure the addition of enhanced caller identification is not reflected on the customer's bill or otherwise disclosed to the customer.

15. It is further requested this Court's order apply to any changed cellular telephone number subsequently assigned to an instrument bearing the same cellular device as the Target Telephone, or any changed cellular device subsequently assigned to the same telephone number as the Target Telephone, or any additional changed telephone number(s) and/or cellular device(s), whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account numbers as the Target Telephone within the 60-day period authorized by the order.

16. Applicant further requests the Target Telephone remain active and in service, and if the Target Telephone has been targeted for deactivation due to non-payment or breach of contract, the DEA will incur the future billing costs at the point of deactivation and compensate

the wireless carrier for such additional billing costs beginning from the date of deactivation and continuing through the time authorized by the order.

17. Applicant further requests, pursuant to 18 U.S.C. § 3123(d), the Court direct the local, long distance, and wireless carriers listed in the proposed order, and any other local, long distance or wireless carrier that is obligated by the order to provide assistance to the DEA not to disclose in any manner, directly or indirectly, by any action or inaction, to the listed subscriber(s) for the Target Telephone, the subscriber of the incoming calls to or outgoing calls from the Target Telephone, or to any other person, the existence of the Application, the resulting court order, in full or redacted form, or the investigation for any reason, except as required to execute the order, for a period not to exceed one year, because such notification would seriously jeopardize the investigation.

18. Applicant further requests, pursuant to 18 U.S.C. § 2705(b), that the Court command any provider of electronic communication service or remote computing service, who provides information pursuant to 18 U.S.C. § 2703(d), not to notify the subscriber, or any other person, of the existence of this application and the order, for a period of one year or until otherwise ordered by this Court, because such notification would seriously jeopardize the investigation.

WHEREFORE, IT IS REQUESTED this Court enter an ex parte order for a period of 60 days, commencing upon the date of installation of the Pen/Trap, authorizing the installation and use of a Pen/Trap to collect the dialing, routing, addressing, and signaling information (including date and time) associated with communications to and/or from the Target Telephone.

IT IS FURTHER REQUESTED the order authorize agents of the DEA to acquire, during the same 60-day period, subscriber information for the numbers captured by the pen register and trap and trace.

IT IS FURTHER REQUESTED the order direct T-Mobile to furnish the DEA forthwith all information, facilities, and technical assistance necessary to effectuate the order unobtrusively and with minimum interference to the services presently accorded the user(s) of the Target Telephone.

IT IS FURTHER REQUESTED this Application and the anticipated order of this Court be filed under seal, and the Court direct T-Mobile not to disclose to any person the existence of this

Application, the resulting order, or the investigation for any reason, except as required to execute the order, for the time period requested above.

I declare the foregoing is true and correct to the best of my belief and knowledge. Executed on December 14, 2020.

          Respectfully submitted,

          TIMOTHY A. GARRISON
          United States Attorney

By   */s/ Josephine L. Stockard*
          _____
          Josephine L. Stockard
          Assistant United States Attorney
          Missouri Bar No. 63956
          901 East St. Louis Street, Suite 500
          Springfield, Missouri 65806-2511
          Telephone: (417) 831-4406